```
                  IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF INDIANA
                            HAMMOND DIVISION


UNITED STATES OF AMERICA,    )
                             )
Plaintiff,                   )
                             )
vs.                          )   NO. 2:06-CR-127
                             )
ROBERT BONNER ANDERSON,      )
                             )
Defendant.                   )
```

## OPINION AND ORDER

This matter is before the Court on the Motion for Review of Detention Order filed by Defendant, Robert Anderson, on August 1, 2006. For the reasons set forth below, the motion is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** to the extent that it seeks a *de novo* review of the magistrate's order, but **DENIED** to the extent it seeks a hearing to offer additional evidence. This Court, having reviewed Magistrate Judge Paul R. Cherry's order *de novo*, **ORDERS** that Robert Anderson remain **HELD WITHOUT BOND**.

BACKGROUND

Robert Anderson ("Anderson") was arrested on July 14, 2006, on a criminal complaint for knowingly receiving child pornography and knowingly possessing child pornography with the intent to sell. A detention hearing was held on July 19, 2006, before Magistrate Judge

Paul R. Cherry. At that hearing, both the Government and Defendant had a full opportunity to produce evidence. Judge Cherry ordered that Anderson be held without bond, finding he presented both a flight risk and a danger to the community. The written order of detention issued by Judge Cherry states the reason for his findings as follows:

> I find that the credible testimony and information submitted at the hearing establishes by a preponderance of the evidence that defendant poses a risk of non-appearance because
> 1) Of the nature and circumstances of the offenses charged;
> 2) The weight of the evidence against the Defendant;
> 3) Within the past few days local health and law enforcement authorities condemned the Defendant's residence as unfit for habitation due to its deplorable condition so presently the Defendant has no place to reside (he lives alone and has no nearby relatives);
> 4) As a result of his arrest in this case and due to the nature of the charges in this case, the Defendant has likely lost his employment by the Indiana Department of Correction.
>
> I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that the defendant presents a danger to the community because
>
> 1) Of the nature and circumstances of the offenses charged;
> 2) The weight of the evidence against the Defendant which includes at least several hundred videos and DVD's depicting pornography including child pornography;
> 3) When a search warrant was recently executed in his house, in addition to hundreds of videos and DVD's, law enforcement officers also found a loaded 357 magnum handgun underneath a bed;

> 4) It appears that children live in a residence directly across the street from the Defendant's residence (a swing set is in the yard) and a public park is located approximately one block from his residence.

(July 19, 2006 Order at 2).

Anderson now seeks both *de novo* review of these findings and a hearing at which new evidence could be presented.

DISCUSSION

Section 3145(b) provides for district court review of a magistrate's release or detention order.  Pursuant to this provision, the district court must conduct a *de novo* review and need not defer to the magistrate's findings.  *United States v. Levine*, 770 F. Supp. 460, 465 (N.D. Ind. 1991)(citations omitted); *United States v. Shaker*, 665 F. Supp. 698, 701 (N.D. Ind. 1987)(citations omitted).

The district court's review of a magistrate judge's detention order may be conducted either by reviewing the transcript, or by holding a new hearing.  *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991).  Although the district court has the *authority* to conduct a new hearing, it is not required.  Anderson's motion seeks to present additional evidence, however, Anderson's counsel has indicated to this Court that this was inadvertently included in the motion and, in fact, he does not have any new or additional evidence for this Court to consider.  As such, this Court exercises its discretion to conduct its *de novo* review without a hearing.  To the

-3-

extent the instant motion requests a hearing, the motion is **DENIED**.

Under the Bail Reform Act of 1984, a defendant shall not be detained pre-trial unless a condition or combination of conditions will not reasonably assure (1) the defendant's appearance as required and (2) the safety of any other person and the community. 18 U.S.C. § 3142(e). The Government has the burden of proving the defendant is either a flight risk or a danger to the community. *Shaker*, 665 F. Supp. at 703.

To establish that a defendant is a flight risk, the Government need only prove by a preponderance of evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required. *Shaker*, 665 F. Supp. at 703 (citations omitted). A district court need not be guaranteed that a defendant will not flee. *United States v. Orta*, 760 F.2d 887, 891-92 (8th Cir. 1985). Rather, the court need only have a reasonable assurance of the defendant's appearance. *Id.*

In determining whether the Government has carried its burden of proof, the court may consider several factors. 18 U.S.C. § 3142(g). The factors pertinent to this matter include:

> (1) the nature and circumstances of the offense charged . . .;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including -
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct,

-4-

>            history relating to drug or alcohol abuse,
>            criminal history, and record concerning
>            appearance at court proceedings.

*Id.*

At the hearing before the magistrate, the nature and circumstances of the offense charged were explored. Anderson faces charges of knowingly possessing *at least* 11 images known to be child pornography, and likely many, many more. The evidence against him appears to be, at this juncture, very strong. Although he was gainfully employed until the time of his arrest, it is likely his employment is (or will be) terminated as a result of his arrest. He has resided in or around the Chicagoland area most of his adult life, but has no close family members in the immediate area. Furthermore, as a result of this investigation, authorities learned his home is in a dilapidated condition, with exposed electrical wires, holes in walls and floors, and significant amounts of trash and rotting food about the residence. At the time of a detention hearing, a sign had been affixed to the front door of his home indicating that it is condemned and not fit for occupancy. Although Anderson appears to have some substantial sums of cash available to him, this may increase the risk that he will flee, given the severity of the penalties associated with the charges and that all substantial ties to the area have, or will likely be, severed.

Based on a *de novo* review of the evidence presented and proffered before Magistrate Judge Cherry, this Court adopts Magistrate Judge

Cherry's finding that Anderson poses a flight risk.  Specifically, this Court finds that:

The credible testimony and information submitted at the hearing before Magistrate Judge Cherry establishes by a preponderance of the evidence that Anderson poses a risk of non-appearance because

1) Of the nature and circumstances of the offenses charged;

2) The weight of the evidence against the Defendant;

3) Within the past few days local health and law enforcement authorities condemned the Defendant's residence as unfit for habitation due to its deplorable condition so that the Defendant has no place to reside (he lives alone and has no nearby relatives);

4) As a result of his arrest in this case and due to the nature of the charges in this case, the Defendant has likely lost his employment with the Indiana Department of Correction.

Because this Court finds Anderson poses a flight risk, it need not reach a determination regarding whether Anderson also poses a danger to the community, although it is noted that Judge Cherry's findings appear to be merited, and this Court would have likely reached the same result.

Accordingly, this Court **ORDERS** that Anderson remain **HELD WITHOUT BOND**.  Pursuant to 18 U.S.C. section 3142(i), it is **ORDERED** that:

A. Defendant is committed to the custody of the Attorney General or his designated representative for confinement in

      a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal.

B.    Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel; and

C.    On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DATED: August 21, 2006**        /s/RUDY LOZANO, Judge
                                       **United States District Court**